COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:    William Nugent v. The State of Texas

Appellate case number:    01-12-00234-CR

Trial court case number:    1281254

Trial court:    208th District Court of Harris County

The reporter's record in this case was due originally due on March 30, 2012. On April 6, 2012, we granted the court reporter's, Brenda Burleigh's, motion for an extension, and required that the record be filed by May 29, 2012. We have since been informed that the court reporter passed away prior to filing the transcript of the hearing. Nevertheless, appellant requested that the reporter's record be filed and we have a duty to ensure that the appellate record is timely filed. *See* TEX. R. APP. P. 35.3(b), (c).

Consequently, we abate the appeal and remand the cause to the trial court for further proceedings. The trial court shall immediately appoint a deputy court reporter to review any existing notes or transcription of the proceedings created by Brenda Burleigh and to review any tape recordings or other records of the proceedings, to determine whether the transcription of the proceedings and the exhibits can be prepared and certified. *See* TEX. R. APP. P. 34.6(a)(1), 35.3(b). Further, after providing the deputy reporter with sufficient time to review the existing notes or transcription and recordings, which shall not exceed 20 days,[1] the trial court shall conduct a hearing at which the appointed reporter, the appellant, appellant's counsel, and a representative of the Harris County District Attorney's Office shall be present. Appellant shall be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[2]

---

1    The court reporter must review the record during this period in a manner to determine if the reporter's record can be prepared and certified, but need not prepare or certify the record until ordered to do so after a hearing in the trial court.

2    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and any counsel appellant may have shall be able to communicate privately without being recorded or heard by the trial court

We direct the trial court to:

(1) Determine whether Brenda Burleigh's notes or transcription of the proceedings can be located;

(2) If so, determine whether the notes or transcription can be certified, or whether they can be edited and/or completed and then certified using tape recordings of the proceedings;

(3) If so, order the deputy court reporter previously appointed to prepare the reporter's record and set a deadline for filing the reporter's record with this court, which shall be not later than 60 days from the date of the hearing;

(4) If a reporter's record cannot be prepared and certified, enter a finding regarding whether the reporter's record or a portion thereof has been lost or destroyed; and

    a. Determine whether the portion of the record that has been lost or destroyed is necessary to the appeal, and

    b. Determine whether the lost or destroyed portion of the reporter's record can be replaced by agreement of the parties and whether any lost or destroyed exhibits can be replaced by agreement of the parties or with a copy determined by the trial court to accurately duplicate the original exhibit.

*See* TEX. R. APP. P. 34.6(a)(1), (e)(2), (f); *Routier v. State*, 112 S.W.3d 554, 557–74 (Tex. Crim. App. 2003); *Holder v. Keller Indus., Inc.*, No. 05-97-01168-CV, 2000 WL 141070, at *2–3 (Tex. App.—Dallas Feb. 9, 2000, pet. denied).

The trial court shall have a court reporter, or court recorder, record the hearing, who shall not be the reporter appointed to review the proceedings. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court no later than 45 days from the date of this order. *See* TEX. R. APP. P. 34.5(c). The court reporter is directed to file the reporter's record of the hearing no later than 45 days from the date of this order. If the hearing is conducted by video teleconference, an electronic copy of the hearing shall be filed in this Court no later than 45 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.

Judge's signature: /s/ Terry Jennings
          ☑ Acting individually    □ Acting for the Court


Date:  February 8, 2013


or the attorney representing the State.